UNITED STATES of America,
Appellee,

v.

Jeffrey D. FIELDS, Gilberto Jimenez–
Hernandez, Defendants,

Antonio Hernandez–Martinez, Jesus P.
Campa, Defendants–Appellants.

Nos. 06–2257–cr(L), 06–3487–cr(CON).

United States Court of Appeals,
Second Circuit.

Feb. 7, 2008.

Nicholas S. Goldin, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Elie Honig, Diane Gujarati, of counsel), New York, N.Y., for Appellee.

Jonathan Marks (Nelson M. Farber, on the brief), New York, N.Y., for Defendant–Appellant Hernandez–Martinez.

Jesse M. Siegel, New York, N.Y., for Defendant–Appellant Campa.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Antonio Hernandez–Martinez ("Hernandez") was convicted in the United States District Court for the Southern District of New York (Hellerstein, *J.* ) of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and with attempting to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A). He appeals his conviction. Defendant–Appellant Jesus P. Campa pled guilty to those same charges and was sentenced to 125 months' imprisonment. Acting pro se, he appeals his judgment of conviction and sentence; his attorney has filed a motion, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to withdraw as counsel to Campa; and the Government has moved for summary affirmance of Campa's conviction. We assume the parties' familiarity with the facts and procedural history of the case.

Hernandez first asserts that the district court's refusal to grant a continuance, mid-trial, so that his attorney could interview a witness who was unavailable at the time because his prison cell block was under medical quarantine violated his Sixth Amendment right to compulsory process and his right to due process. The Supreme Court has held that, to establish a violation of this right, a defendant "must make some plausible showing of how [the missing] testimony would have been both material and favorable to his defense." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). Hernandez has made no such showing, as the testimony that he now claims the witness would have given did not undermine and may, in fact, have supported the Government's theory of guilt. For this reason, we conclude that the district court acted well within its discretion in denying both Hernandez's motion for a continuance and his Rule 33 motion for a new trial.

Hernandez also contends that Judge Hellerstein improperly charged the jury as to that witness's equal availability to both sides. The point merits little discussion because, even if we were to identify error in this instruction, the judge gave a supplemental charge that was adequate to instruct the jury correctly that the witness's unavailability due to the prison quarantine arose after the Government had presented most of its case and before the defense had the opportunity to begin its own. *See generally United States v. Glover,* 511 F.3d 340, 345–46 (2d Cir.2008) (rejecting a challenge to an instruction that, by itself, might have constituted error, where the totality of the charge correctly instructed the jury as to the applicable law).

Finally, Hernandez argues that the trial judge's instruction allowing the jury

to infer a relationship between himself and the witness from the fact that the witness's business card was found in his wallet was erroneous. "So long as the inference is reasonable, it is the task of the jury, not the court, to choose among competing inferences." *United States v. Kim*, 435 F.3d 182, 184 (2d Cir.2006) (internal quotation marks omitted). The inference of a relationship between the two was reasonable, and the court properly instructed the jury that it was for them to determine whether or not to draw that inference.

As to Appellant Campa, we have reviewed his attorney's *Anders* motion and the Government's motion for summary affirmance, and we agree that there are no non-frivolous issues that could be raised on appeal.

Accordingly, we AFFIRM the judgment of the district court as to Appellant Hernandez. We GRANT the motion of Jesse M. Siegel to withdraw as counsel to Appellant Campa, and we GRANT the Government's motion for summary affirmance as to Appellant Campa.