**UNITED STATES of America,**
**Appellee,**

v.

**David DELAROSA, William Delarosa, Robert Melendez, Emenson Peters, Erven Jean, Paul Blackmond, Brian Brock, Rob Underwood, Ruben Ramos, Samuel Asiedu, Michael Green, Brandon Green, Bernard Wheeler, Angel Martinez, Arnaldo Gener, Candido Serrano, Alexis Hernandez, Defendants,**

**Ray Oglesby, Oscar Caesar and Raymond Castillo, Defendants–Appellants.**

**Nos. 06–5674–cr(L), 07–0291–cr(CON), 07–0990–cr(CON).**

United States Court of Appeals, Second Circuit.

June 19, 2008.

Marlon G. Kirton, New York, NY, for Defendant–Appellant Oglesby.

Irving Cohen, New York, NY, for Defendant–Appellant Caesar.

Charles S. Hochbaum, Brooklyn, NY, for Defendant–Appellant Castillo.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lee Renzin, Diane Gujarati, Assistant United States Attorneys, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Ray Oglesby, Oscar Caesar, and Raymond Castillo were convicted of conspiring to distribute and to possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Each was sentenced principally to a term of imprisonment of 120 months. We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

### I. Oglesby

Oglesby was convicted following a guilty plea. His attorney has filed a motion, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to withdraw as counsel, and the government has moved for summary affirmance of his conviction. In an order separately entered on May 28, 2008, we deferred ruling on those motions and directed defense counsel to take further steps to comply with our notice requirements for *Anders* motions. In order to resolve the appeals of Caesar and Castillo without delay, we are de-consolidating Oglesby's appeal. This panel retains jurisdiction to decide the pending motions after the *Anders* notice requirements have been complied with.

### II. Caesar and Castillo

Caesar and Castillo were convicted following a jury trial. On appeal, they challenge the district court's jury instructions and also claim the evidence presented was insufficient to support their convictions.

### A. Jury Instructions

Caesar and Castillo challenge the district court's jury charge for failure to instruct the jury that drug quantity is an element of the offense that must be proved beyond a reasonable doubt. *See United States v. Gonzalez,* 420 F.3d 111, 131 (2d Cir.2005). Because they raise this claim for the first time on appeal, our review is for plain error. *See* Fed.R.Crim.P. 30(d); *United States v. Ganim,* 510 F.3d 134, 151 (2d Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1911, 170 L.Ed.2d 749 (2008).

There was no plain error here. "If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as ... reliev[ing] the [government] of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole." *Francis v. Franklin,* 471 U.S. 307, 315, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). Although the district court's jury charge did not specifically identify drug quantity as an element of the offense, the jury was repeatedly told the government must prove the defendants' guilt beyond a reasonable doubt. The court also told the jury that "beyond a reasonable doubt ... [is] the burden of proof which applies whenever I say 'the government must prove' or 'must establish' or 'if you find,' any of those phrases, *you must read in* beyond a reasonable doubt." Tr. 564 (emphasis added). Therefore, because the court charged the jury that "you will be required to determine" the quantity of drugs involved, *id.* at 563, we presume that the jury understood its obligation to make that determination beyond a reasonable doubt. *See United States v. Joyner,* 313

F.3d 40, 47 (2d Cir.2002), *cert. denied,* 540 U.S. 1201, 124 S.Ct. 1463, 158 L.Ed.2d 118 (2004); *accord United States v. Barbour,* 393 F.3d 82, 89 (1st Cir.2004), *cert. denied,* 546 U.S. 891, 126 S.Ct. 212, 163 L.Ed.2d 204 (2005).

We reject the defendants' argument that the jury would have thought it need only find drug quantity by a preponderance of the evidence because it was told that the preponderance standard applied to venue. The defendants' argument fails because the district court specifically instructed the jury that "on this issue—and only on this issue—the government need not prove this venue, as it is called, beyond a reasonable doubt, but it must establish it by a mere preponderance of the evidence." Tr. 562. Because the jury was instructed that venue was the only fact to which this lower standard applied, we do not think "there is a 'reasonable likelihood' that the jury understood the instructions to permit a guilty verdict based on less than proof beyond a reasonable doubt," *United States v. Shamsideen,* 511 F.3d 340, 345 (2d Cir.2008) (quoting *Victor v. Nebraska,* 511 U.S. 1, 6, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)).

### B. *Sufficiency of the Evidence*

Caesar and Castillo also claim the evidence presented was insufficient to support their convictions. They face a heavy burden; we will affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "In cases of conspiracy, deference to the jury's findings is especially important because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *United States v. Morgan,* 385 F.3d 196, 204 (2d Cir.2004) (internal quotation marks and ellipsis omitted). Conviction for conspiracy to violate 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B) "includes the requirement that a co-conspirator defendant at least could have reasonably foreseen the type and quantity of the substance about which she conspired." *United States v. Adams,* 448 F.3d 492, 500 (2d Cir.2006).

### 1. Caesar

Caesar argues that the evidence was insufficient to prove beyond a reasonable doubt that he agreed to distribute or possess with intent to distribute one kilogram and more of heroin. We conclude, to the contrary, that the evidence was more than sufficient for a rational jury to find beyond a reasonable doubt that the charged conspiracy existed, that Caesar joined that conspiracy, and that he either knew or could have reasonably foreseen that the conspiracy involved one kilogram and more of heroin.

Caesar contends that the government's proof of the drug-quantity element rested on the testimony of Emenson Peters, which Caesar describes as false, vague, inconsistent, incredible, and not based on personal knowledge. In evaluating the sufficiency of the evidence, we "defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony," even when witnesses' testimony is "pock-marked with inconsistencies." *United States v. Glenn,* 312 F.3d 58, 64 (2d Cir.2002) (internal quotation marks and citation omitted). The jury was entitled to credit Peters's testimony.

### 2. Castillo

Castillo, challenging the sufficiency of the evidence on the drug-quantity issue, similarly argues that "the evidence on that issue was inconsistent, incredible, and simply the product of surmise and conjecture rather than solid evidence." Br. of Appel-

lant Castillo at 22. This argument fails in light of the principles discussed above.

\* \* \*

For the foregoing reasons, the judgment of the district court as to Defendants–Appellants Caesar and Castillo is hereby AFFIRMED. Defendant–Appellant Oglesby's appeal is DE–CONSOLIDAT-ED.