09-0311-cr
United States v. Herndon

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of January, two thousand and ten.

Present:      GUIDO CALABRESI,
              ROSEMARY S. POOLER,
                        Circuit Judges.
              LAWRENCE E. KAHN,[*]
                        District Judge.

_____

BRIAN HERNDON,

                                        Defendant-Appellant,

              -v-                                        (09-0311-cr)

UNITED STATES OF AMERICA,

                                        Appellee.

_____

Appearing for Appellant:      Jonathan J. Einhorn, New Haven, Connecticut

Appearing for Appellee:       Nora R. Dannehy, United States Attorney for the District of
                              Connecticut (William J. Nardini, Sandra S. Glover, on the brief)

_____

    [*]  The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Dorsey, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

On October 21, 2008, a jury convicted appellant Brian Herndon of knowingly possessing child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). On January 12, 2009, Judge Dorsey of the District of Connecticut sentenced Herndon to 72 months' imprisonment, followed by five years of supervised release and a $100 special assessment. Herndon is presently serving this sentence. He now appeals his conviction.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

I. Admission of Evidence
We review evidentiary rulings for abuse of discretion. United States v. Wexler, 522 F.3d 194, 201-02 (2d Cir. 2008). Herndon argues that the district court abused its discretion first in allowing the government to display a limited number of child pornography images despite a stipulation that they were child pornography and then in admitting a non-pornographic image of Herndon's neighbor sun-bathing. In both cases, the judge gave a limiting instruction. We presume that jurors follow their instructions. Shannon v. United States, 512 U.S. 573, 585 (1994).

Although the government generally has the right to present evidence, Old Chief v. United States, 519 U.S. 172, 187-88 (1997), under "limited circumstances," the government may be required to accept a stipulation instead. United States v. Velazquez, 246 F.3d 204, 211 (2d Cir. 2001). Here, the stipulation was an insufficient substitution for the actual evidence. See United States v. Polouizzi, 564 F.3d 142, 152-53 (2d Cir. 2009); United States v. Gantzer, 810 F.2d 349, 351 (2d Cir. 1987).

Herndon was charged with "knowingly possess[ing], or knowingly access[ing]" child pornography. 18 U.S.C. § 2252A(a)(5)(B). Even if the stipulation satisfied the child pornography element, the government was still required to prove the knowledge element. The images allowed the jury to determine how likely it was that Herndon knew the images were child pornography. The court did not abuse its discretion in determining that this probative value outweighed any prejudicial affect. See Fed. R. Evid. 403.

The photograph of Herndon's neighbor sun-bathing was introduced as part of a batch of photos showing that files clearly related to Herndon were stored in close physical proximity to the images of child pornography, and were accessed in close temporal proximity to the access of child pornography. The evidence was used to show both that Herndon knew about the child pornography (because of its physical proximity to pictures that were clearly his) and was accessing it himself (because of the timing of photo access).

While we acknowledge that the photo of Herndon's neighbor was more prejudicial than the other photos, it was also more probative, as it was viewed only nine minutes before child pornography images were viewed. The judge did not abuse his discretion in allowing it.

II. Judicial Questioning

Herndon next contends that he was deprived of his right to a fair trial because the judge asked improper questions when Herndon took the stand. Defense counsel did not object to the judge's questioning of Herndon. When counsel does not object, we review a claim of improper questioning only for plain error. See United States v. Salameh, 152 F.3d 88, 128 (2d Cir. 1998). There was no plain error here.

The judge may question witnesses as part of the duty to "insure that the issues are clearly presented to the jury." United States v. Victoria, 837 F.2d 50, 54 (2d Cir. 1988); see Fed. R. Evid. 614(b). The majority of the judge's questions to Herndon were those of clarification. United States v. Pisani, 773 F.2d 397, 403 (2d Cir. 1985) (questioning may include "clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings"). Questioning is only objectionable if it "betray[s] the court's belief as to the defendant's guilt or innocence," United States v. DiTommaso, 817 F.2d 201, 221 (2d Cir. 1987), so that "the jurors [are] impressed with the trial judge's partiality to one side to the point that this [becomes] a factor in the determination of the jury." United States v. Valenti, 60 F.3d 941, 946 (2d Cir. 1995) (quoting United States v. Guglielmini, 384 F.2d 602, 605 (2d Cir. 1967)).

Two of the judge's questions were perhaps more skeptical in tone then necessary: "You just send them a check, willy nilly. Is that what you're saying?"; "Well, is there any big difficulty in looking down a list of charges against a credit card to make sure that you are properly being charged...?" We do not need to determine if the "judge's conduct left something to be desired, or even whether some comments would have been better left unsaid," but only if the judge's conduct was so prejudicial so as to deny Herndon a fair trial. See Pisani, 773 F.2d at 402.

We conclude that these two questions did not deny Herndon a fair trial.

III. Jury Poll

After the verdict, Herndon asked the court to poll the jury. See Fed. R. Crim. P. 31(d). The judge responded that he had done so by asking if the jurors agreed, and watching them nod their heads. Herndon then withdrew his objection. Whether this constituted a waiver or a forfeiture of the challenge, see United States v. Yu-Leung, 51 F.3d 1116, 1122 (2d Cir. 1995), what the District Court did did not qualify as plain error. See United States v. Miller, 59 F.3d 417, 420 (3d Cir. 1995) (collecting cases holding that Rule 31(d) did not prohibit collective polling).

IV. Jury Instructions

We review challenges to jury instructions de novo, and reverse only if there is error as well as prejudice. United States v. White, 552 F.3d 240, 246 (2d Cir. 2009). An instruction is erroneous if it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." United States v. Pimentel, 346 F.3d 285, 301 (2d Cir. 2003) (citing United

3

States v. Walsh, 194 F.3d 37, 52 (2d Cir. 1999)). In making the error determination, the instruction must be looked at as a whole to determine if it is an "accurate portrayal" of the law. United States v. Glover, 511 F.3d 340, 345 (2d Cir. 2008) (citations omitted). If we find that the instruction is erroneous, we then must determine if it was "harmless beyond a reasonable doubt." United States v. Brutus, 505 F.3d 80, 88 (2d Cir. 2007) (citations omitted).

Only one sentence of the jury charge is in dispute. In instructing the jury on how it should consider Herndon's testimony, the judge said: "A defendant has a personal interest in the outcome of the case." In Brutus, the court found that "an instruction that the defendant's interest in the outcome of the case creates a motive to testify falsely impermissibly undermines the presumption of innocence because it presupposes the defendant's guilt." Id. at 87. This error was "exacerbated" by the court's reference to the defendant's "deep personal interest." Id.

The charge in this case is much different from that in Brutus. The jury was not instructed that Herndon had a motive to lie, nor was his personal interest in the case emphasized. It is hard to see how the added sentence that the defendant had a "personal interest in the case" undermined the presumption of innocence. We see no value, however, in stating that a defendant has a personal interest, even if it may not be constitutional error to do so. The charge suggested in Brutus is ideal. Id. at 88 n. 7.

As in Brutus, however, this was not a close case. Id. at 89. Any error in the instruction was harmless.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4