SUMMARY ORDER

Defendant-appellant Kevin Howard appeals from a judgment of conviction, following a jury trial, entered on January 18, 2007, in the United States District Court for the Eastern District of New York (Block, J.). Howard was convicted of conspiracy to possess and distribute at least fifty grams of cocaine base and one kilogram of heroin in violation of 21 U.S.C. § 846, use of drug-related premises to distribute and store cocaine base and heroin *346 in violation of 21 U.S.C. § 856, and distribution and possession of cocaine base and heroin within 1,000 feet of a playground in violation of 21 U.S.C. § 860. He was sentenced principally to 240 months of imprisonment and ten years of supervised release. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
1. Reasonable Doubt Instruction
Howard argues that the district court’s jury instruction on the reasonable doubt standard constituted plain error that warrants reversal of his conviction. The district judge stated: “If you view the evidence with respect to the count you are considering as reasonably permitting either of two conclusions, one of innocence, the other of guilt, you must, of course, adopt the conclusion of guilt.” Although this instruction was indisputably incorrect (although apparently inadvertent), reversal is only appropriate if this misstatement resulted in a “ ‘reasonable likelihood’ that the jury misunderstood the instructions on the government’s burden of proof.” United States v. Birbal, 62 F.3d 456, 463 (2d Cir.1995). Significantly, “[i]n assessing such a reasonable likelihood ... we do not review challenged language in isolation; rather, we consider the charge in its entirety to determine whether, on the whole, it provided the jury with an intelligible and accurate portrayal of the applicable law.” United States v. Shamsideen, 511 F.3d 340, 345 (2d Cir.2008) (internal quotation marks and alterations omitted).
In this case, considering the entire jury charge, there is no reasonable likelihood that the jury understood the required standard of proof to be anything less than beyond a reasonable doubt. The district court’s misstatement was embedded in a thorough and otherwise accurate description of the government’s burden and the standard of proof. The isolated misstatement was immediately preceded and immediately followed by correct statements of the government’s burden and the reasonable-doubt standard. The judge repeatedly emphasized that “the burden is always upon the government to prove guilt beyond a reasonable doubt,” that “[t]his burden never shifts to the defendant,” and that “the defendant is to be presumed to be innocent by you throughout your deliberations and for each count of which he is charged.” Moreover, in his written instructions, the judge stated: “If you view the evidence with respect to the count as reasonably permitting either of two conclusions — one of innocence, the other of guilt — you must, of course, adopt the conclusion of innocence.” We conclude that no reasonable likelihood exists that the jury misunderstood the instructions on the government’s burden of proof.
2. Sufficiency of the Evidence
Howard next argues that the evidence was insufficient for the jury to find that he had agreed to possess with intent to distribute more than fifty grams of cocaine base and one kilogram of heroin. Witnesses testifying for the government offered detailed testimony on the amount and weight of crack sold by the organization of which Howard was allegedly a high-ranking member. A cooperating witness also testified that the drug organization sold more than fifty grams of crack and one kilogram of heroin. “The law is well established that a federal conviction may be supported by the uncorroborated testimony of even a single accomplice witness if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.” United States v. Florez, 447 F.3d 145, 155 (2d Cir.2006) (internal quotation marks omitted). As a member of the drug organization for approximately two years, this witness’s testimony was not incredible on its *347 face, and we conclude that this evidence “when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt.” United States v. Geibel, 369 F.3d 682, 689 (2d Cir.2004).
3. Bolstering the Witness
Howard’s final argument is that the prosecutor committed reversible error by offering, without objection, a witness’s cooperation agreement into evidence during direct examination and by improperly questioning that witness regarding his obligation to tell the truth under the agreement.
It is clear that the introduction of a cooperation agreement on direct examination in anticipation of an attack upon a cooperating witness’s credibility “runs afoul of the well established rules of evidence that absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible.” United States v. Arroyo-Angulo, 580 F.2d 1137, 1146 (2d Cir.1978). But Howard fails to explain how the premature introduction of the cooperation agreement or the prosecutor’s truth-telling question amounted to plain error that prejudiced him. See United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (“It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice”). The prosecutor asked a single question regarding the cooperating witness’s obligation to tell the truth, and it is undisputed that the cooperation agreement was never published to the jury. Moreover, Howard’s counsel vigorously attacked the witness’s credibility both on cross-examination and in his closing argument.
Although the premature introduction of a cooperation agreement does not always constitute harmless error (even when the defendant subsequently attacks the cooperating witness’s credibility), see United States v. Borello, 766 F.2d 46, 57 (2d Cir.1985), Howard failed to demonstrate that the error here “seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings,” Olano, 507 U.S. at 732, 113 S.Ct. 1770 (internal quotation marks omitted).
We have reviewed defendant-appellant’s remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.