09-2816-cr(L), 09-3103-cr(CON), 09-3152-cr(CON)
United States v. Murtaugh

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

Present:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                          Nos. 09-2816-cr, 09-3103-cr, 09-3152-cr

RICHARD R. MURTAUGH, JEWEL KIDDER GILBERT, KAYE A. MASON,

> *Defendants-Appellants.*

---

| | |
|---|---|
| **FOR APPELLEE:** | ALEXANDER P. ROBBINS, Attorney, Tax Division (Alan Hechtkopf, Attorney, Tax Division; Gregory Victor Davis, Attorney, Tax Division; John DiCicco, Acting Assistant Attorney General; Richard S. Hartunian, United States Attorney for the Northern District of New York, *on the brief*), United States Department of Justice, Washington, DC. |
| **FOR APPELLANT:** | BRUCE R. BRYAN, Syracuse, NY *for Defendant-Appellant Richard R. Murtaugh.* |
| | GEORGE F. HILDEBRANDT, Syracuse, NY *for Defendant-Appellant Jewel Kidder Gilbert.* |

1

Appeal from judgments of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

      **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are **AFFIRMED**.

      Defendants Richard R. Murtaugh and Jewel Kidder Gilbert appeal from a judgment of the District Court convicting defendants of various charges.[1]  Specifically, Murtaugh appeals from a June 29, 2009 judgment convicting him after a jury trial of two counts of tax evasion in violation of 26 U.S.C § 7201 and four counts of subscription to a false tax return in violation of 26 U.S.C. § 7206(1) and sentencing him principally to a term of twenty one months' imprisonment.  Gilbert appeals from a July 9, 2009 judgment convicting her of one count of perjury before a federal grand jury in violation of 18 U.S.C. § 1623(a) and sentencing her principally to a term of four months' imprisonment.

      On appeal, Murtaugh argues that the District Court erred by (1) applying an adjustment under the United States Sentencing Guidelines ("the Guidelines") for obstruction of justice; (2) admitting into evidence certain records seized; (3) concluding that there was sufficient evidence to support his conviction; (4) allowing the prosecution to discuss Murtaugh's silence during a search of his office; (5) failing to instruct the jury on the law regarding when a Form 1099 is issued for rental income; and (6) failing to require that the jury begin deliberations anew after a substitute juror joined the deliberations. On appeal, Gilbert argues that the District Court erred by (1) concluding that there was sufficient evidence to support her conviction and (2) instructing the jury that it "should not hesitate" to acquit if the jurors had a reasonable doubt as to Gilbert's guilt.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

      First, both Murtaugh and Gilbert argue that the evidence presented at trial was not sufficient to convict them.  Because "the task of choosing among competing, permissible inferences is for the [jury and] not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001), we are required to review the evidence "in the light most favorable to the government," *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004), and "resolve all issues of credibility in favor of the jury's verdict," *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002).  *See generally Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).  At trial, the Government introduced ample evidence that could support the jury's verdict.  Applying the deferential standard set forth above, we conclude that there was sufficient evidence to support the jury's guilty verdict challenged here.

      Next, Murtaugh challenges the constitutionality of the search of his office and the subsequent admission of evidence found during that search.  Specifically, Murtaugh argues that the search warrant issued was not supported by probable cause and that it was unreasonable for the police officers to rely

---

[1] We note that defendant Kaye A. Mason has withdrawn her appeal with prejudice.  *See* Mandate, *United States v. Mason*, No. 09-3152-cr (2d Cir. Jan. 29, 2010).

on this search warrant. Warrant-based searches are presumptively reasonable. *See Golino v. New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). Even if Murtaugh successfully rebutted this presumption that the search was reasonable, he fails to show any prejudice arising from that search. To the extent—if any—that the search was in error, that error was harmless because the Government presented sufficient evidence that was not obtained during the search to support Murtaugh's conviction. *See United States v. Reifler*, 446 F.3d 65, 90 (2d Cir. 2006).

Third, Murtaugh argues that the District Court erred in allowing the Government to discuss Murtaugh's silence during the search of his office. Murtaugh testified to his silence during the search in the course of his direct examination during his defense. The Government did not cross-examine him on this point. Because Murtaugh himself introduced evidence of his refusal to speak to the Internal Revenue Service agents, he cannot now claim that the District Court erred in allowing him to admit that testimony. *See Ohler v. United States*, 529 U.S. 753, 755-59 (2000) (applying the general rule that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted").

Fourth, Murtaugh argues that the District Court erred in refusing to instruct the jury on the law governing when a Form 1099 is required. We review a district court's jury instructions *de novo*. *United States v. Rivera*, 546 F.3d 245, 250 (2d Cir. 2008). The defendant bears the burden of showing that the charge given prejudiced defendant. *See United States v. Abelis*, 146 F.3d 73, 82 (2d Cir. 1998). Even if it were error for the District Court to decline to instruct the jury on the question of when a Form 1099 is required, Murtaugh has failed to show how that error prejudiced him. We therefore conclude that any error in declining to give the instruction was harmless.

Fifth, Murtaugh argues that the District Court erred by failing to instruct the jury to begin deliberating anew after an alternate juror joined the deliberations. The District Court did, in fact, instruct the jury to begin deliberating anew when the alternate juror first joined the jury. Murtaugh argues here that the District Court should have instructed the jury to begin deliberations anew *again* when a note from the jury suggested, Murtaugh argues, that the jury had not heeded the District Court's instruction to begin deliberating anew. Murtaugh, however, fails to show that the jury did not begin deliberations anew. He relies only on the fact that the jury asked a question immediately upon beginning deliberations with the new juror. He neglects to note that the jury issued its verdict only after an additional seven hours of deliberation. Because the jury deliberated for seven hours with the alternate juror, we cannot conclude that the jury failed to re-deliberate. It was therefore not error for the District Court to accept the jury's verdict.

Sixth, Murtaugh argues that the District Court erred in imposing an enhancement for obstruction of justice. The District Court may impose a two-level enhancement on a defendant if it finds that the defendant willfully attempted to obstruct or impede the administration of justice in connection with the offense of conviction. *See* U.S.S.G. § 3C1.1 (2008). We review *de novo* the interpretation of the Guidelines, but we review the related findings of fact for clear error. *United States*

3

*v. Fiore*, 381 F.3d 89, 92 (2d Cir. 2004). The district court need only find the facts to support the imposition of an enhancement by a preponderance of the evidence, *United States v. Carty*, 264 F.3d 191, 194 (2d Cir. 2001), and the district court satisfies its obligation to make specific factual findings when it adopts the findings in the Presentence Report, *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). Here, the District Court rested its imposition of the obstruction of justice enhancement on two individually sufficient findings: (1) Murtaugh obstructed justice by giving a false explanation to his accountant and (2) Murtaugh induced Gilbert and Mason to commit perjury. With respect to the second ground for imposing the enhancement, the jury had convicted Gilbert and Mason of perjury, so the District Court needed to find only that Murtaugh had induced the perjury to merit imposing the enhancement. The District Court adopted the findings set forth in the Presentence Report, including the finding that Murtaugh had "counsel[ed] others . . . to conceal the crime through false representations." We conclude that this finding was sufficient to support the imposition of the obstruction of justice enhancement.

Finally, Gilbert argues that the District Court erred in instructing the jury that it "should not hesitate to acquit" her if the Government failed to prove her guilt beyond a reasonable doubt. If the "alleged charging error goes to the burden of proof, we will reverse a conviction if there is a 'reasonable likelihood' that the jury understood the instructions to permit a guilty verdict based on less than proof beyond a reasonable doubt." *United States v. Shamsideen*, 511 F.3d 340, 345 (2d Cir. 2008). Because Gilbert did not object to this instruction below, we will review it for plain error. *See United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010). Upon review of the relevant portion of the charge, we cannot conclude that it was error, much less plain error, for the District Court to instruct the jury that it "should not hesitate" to acquit if the Government fails to meet its burden.

## CONCLUSION

We have considered all of defendants' arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgments of the District Court are **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4