NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

─────────────

Nos. 09-2971 and 09-3996

─────────────

UNITED STATES OF AMERICA

v.

JORGE LUIS CANALS-SANTOS


JORGE LUIS CANALS-SANTOS
a/k/a ANGEL LUIS CRUZ, JR.,
Appellant

─────────────

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00428-001)
District Judge: Honorable Lawrence F. Stengel

─────────────

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2010


Before: McKEE, Chief Judge, AMBRO, and CHAGARES, Circuit Judges

(Opinion filed September 30, 2010)

─────────────

OPINION

─────────────


AMBRO, Circuit Judge

Jorge Luis Canals-Santos, also known as Angel Cruz, was convicted in the United States District Court for the Eastern District of Pennsylvania of making a false statement in a passport application, 18 U.S.C. § 1542, possessing an identification document with intent to defraud the United States, 18 U.S.C. § 1028(a)(4), and making a false claim of United States citizenship, 18 U.S.C. § 911. He now challenges his convictions.[1] We affirm.

## I.     Background

Defendant[2] was charged under the name "Jorge Luis Canals-Santos" with attempting to obtain a United States passport by falsely representing that he was an American citizen. His defense was that he was not Canals-Santos (a citizen of the Dominican Republic), but rather Angel Cruz (an American). His counsel explained this mistaken-identity defense at the start of the trial, and Defendant also testified that he was Angel Cruz, not Canals-Santos. Nonetheless, the District Court referred to Defendant as Mr. Canals-Santos at least five times during the trial, and never referred to him as Angel Cruz. The prosecutor also called him Canals-Santos. Defense counsel did not object to any of these references and, in fact, once responded to the District Court's question about whether it was proper to refer to Defendant as Canals-Santos or Santos by saying "Canals-Santos would be fine."

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] Because the first issue on appeal centers on whether the District Court erred by referring to Defendant as Canals-Santos, we will use "Defendant" hereafter.

2

The prosecution presented evidence that Defendant's fingerprints matched those of Jorge Luis Canals-Santos, who was caught entering the United States as a stowaway on a Panamanian ship. Additionally, the prosecution presented testimony of another individual named Angel Cruz, who testified that he had previously lost his Social Security card and that some (but not all) of the biographical information that Defendant provided on his passport application matched Cruz's biographical information.

After all the evidence was presented, the District Court instructed the jury on the reasonable doubt standard as follows:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The expression reasonable doubt means a doubt which is founded upon a good reason.
>
> A reasonable doubt is not a doubt that arises from a merciful disposition or a kindly or sympathetic feeling or a desire to avoid performing a disagreeable or unpleasant duty.
>
> If a reasonable doubt arises, it must either be from the evidence produced or from the lack of evidence. It must not be a mere whim or speculation or a vague or hypothetical conjecture or a misgiving founded upon mere possibilities.
>
> It is the kind of doubt that would make a reasonable person hesitate to act in matters of importance in his or her own affairs. Mere suspicion of guilt is not enough to satisfy this burden of proof.
>
> The government is not required, however, to prove guilt beyond all possible doubt or to a mathematical certainty. It is not necessary that you be convinced of an absolute certainty that the defendant is guilty. If that were the rule, few persons however guilty they may be would be convicted.
>
> However, unless the government proves beyond a reasonable doubt that Jorge Luis Canals-Santos has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offenses.

3

Defendant, through counsel, objected to this instruction.

The jury found Defendant guilty of all charges, and the District Court imposed a sentence of 33 months' imprisonment, three years' supervised release, and a fine and special assessment.

On appeal, Defendant argues that the District Court violated his due process rights and his right to trial by jury by referring to him as Canals-Santos even though his identity was an issue to be decided by the jury. Defendant also argues that the District Court's reasonable doubt instruction fell short of constitutional requirements.

## II.     Discussion

**A.     The District Court's references to "Canals-Santos"**

Because Defendant did not object contemporaneously to the District Court's references to him as Canals-Santos, we review the District Court's actions for plain error.[3] *See United States v. Lee*, 612 F.3d 170, 193 (3d Cir. 2010). "Under plain error review, the appellate court can correct an error not raised at trial if there is (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jones*, 471 F.3d 478, 480 (3d Cir. 2006).

"There is no bright line separating remarks that are appropriate from remarks that may unduly influence a jury." *United States v. Olgin*, 745 F.2d 263, 268 (3d Cir. 1984). Rather, this Court has articulated a four-factor balancing test to determine whether a trial

---

[3] The Government argues that Defendant may have waived this argument altogether. Because we conclude that the Court's statements were not plain error, we do not decide whether Defendant's argument was waived.

4

judge's remark is error. The factors are the "materiality of the challenged comment," the "strength of the challenged comment," the "efficacy of any curative instruction," and the "prejudicial effect of the comments in light of the jury instruction as a whole." *Id.* at 269. The theme is that the District Judge must make it "clear in his charge that the jury remains the sole determiner of credibility and fact." *United States v. Gaines*, 450 F.2d 186, 189 (3d Cir. 1971).

While perhaps the District Court could have been more clear, we cannot conclude that the handful of instances in which it referred to Defendant as Canals-Santos are plain error. While Defendant's identity was material to the case, the Court's references to "Canals-Santos," taken in context, were not expressions of its opinion about Defendant's guilt. Further, the Court made clear at multiple points in the course of its instruction that the jury was to decide each aspect of the case for itself, regardless of any of the Court's statements or actions. And of course there was no specific curative instruction because the Defendant did not object; instead, when asked what the Court should call his client, Defendant's counsel replied "Canals-Santos would be fine."

This conclusion is consistent with our prior cases. We have held that even a district court's characterization of an important part of a defendant's testimony as "spurious" was not reversible error (much less plain error), when the court made it clear that the jury was not bound by the "spurious" remark and was free to decide the case on its own. *Olgin*, 745 F.2d at 270-71; *see also Gaines*, 450 F.2d at 191 & n.9 (court's statement to jury that "you should not permit yourselves to be fooled by stories that simply don't make sense" was not reversible error when court also informed jury that it

5

was to determine "the questions of credibility of the witnesses"). In this case, the District Court's statements were less troubling than those in either *Olgin* or *Gaines*, and the standard of review is plain error. We thus conclude that there was no reversible error.

## B.     The District Court's Reasonable Doubt Instruction

Defendant next argues that the District Court's reasonable doubt instruction could have misled the jury regarding the applicable burden of proof. "We review legal challenges to a district court's jury charge *de novo*. . . . Where an alleged charging error goes to the burden of proof, we will reverse a conviction if there is a 'reasonable likelihood' that the jury understood the instructions to permit a guilty verdict based on less than proof beyond a reasonable doubt." *United States v. Shamsideen*, 511 F.3d 340, 345 (2d Cir. 2008); *see also United States v. Hernandez*, 176 F.3d 719, 728 (3d Cir. 1999) (same).

Specifically, Defendant at trial objected to the District Court's statement that "[i]t is not necessary that you be convinced of an absolute certainty that the defendant is guilty. If that were the rule, few persons[,] however guilty they may be[,] would be convicted." However, reading the instruction as a whole, we cannot conclude that there is a reasonable likelihood that the jury would have misunderstood the burden of proof based on that statement.[4] Even if the reference to "however guilty" could have led jurors

---

[4] On appeal, Defendant argues that the District Court's error was compounded by its statements that "reasonable doubt means a doubt which is founded on good reason" and "the law simply requires that before convicting any defendant, the jury must not return a verdict of guilty unless and until it is satisfied of the defendant's guilt beyond a reasonable doubt." Even if the Defendant had objected to these statements at trial, they would not be sufficient to create reversible error.

to focus improperly on guilt, the rest of the sentence—and indeed the rest of the instruction—makes clear the meaning of reasonable doubt.

*  *  *  *  *

For these reasons, we affirm Defendant's convictions.