14-338-cr (L)
*United States v. Donna Levy et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.
CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS
PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE
PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A
SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH
THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand fifteen.

PRESENT:
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
JEFFREY ALKER MEYER,\*
*District Judge.*

_____

DONNA LEVY, DAVID LEVY,

*Defendants-Appellants*,

v.                                                                              Nos.  14-338-cr
                                                                                          14-614-cr

UNITED STATES OF AMERICA,

*Appellee.*

_____

For Defendant-Appellant Donna Levy:      MATTHEW W. BRISSENDEN, Garden City, NY.

_____

\* Hon. Jeffrey Alker Meyer, District Judge of the United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellant David Levy:  MARC FERNICH, New York, NY.

For Appellee United States:  HOWARD S. MASTER (Carrie H. Cohen and Brian A. Jacobs, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeals from judgments of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**. We have resolved Defendants-Appellants' border search challenge in an opinion, issued simultaneously with this summary order, and we address here the remaining arguments raised on appeal.

Defendants-Appellants David and Donna Levy, husband and wife, appeal from final judgments, following a jury trial, entered by the United States District Court for the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Defendants challenge, *inter alia*, the district court's denial of their motion to suppress evidence obtained from a wiretap authorized under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2522 ("Title III"). They contend that the wiretap application and supporting affirmation did not contain a sufficient showing of necessity.

"When considering a challenge to the resolution of a suppression motion, we review findings of fact for clear error and legal questions *de novo*." *United States v. Stewart*, 551 F.3d 187, 190-91 (2d Cir. 2009). "[W]e grant considerable deference to the [issuing] court's decision [of] whether to allow a wiretap, ensuring only that 'the facts set forth in the application were minimally adequate to support the determination that was made.'" *United States v. Concepcion*,

579 F.3d 214, 217 (2d Cir. 2009) (quoting *United States v. Miller*, 116 F.3d 641, 663 (2d Cir. 1997)).  Before authorizing a wiretap under Title III, a judicial officer must find that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(3)(c).[2]

In this case, the wiretap application and supporting affirmation contained a sufficient showing of necessity, outlining the traditional investigative techniques that had been tried and explaining why further traditional techniques would likely fail.  The supporting affirmation noted that prior to the application the investigators:  reviewed documents generated by TD Ameritrade and consulted with a TD Ameritrade fraud investigator; consensually recorded calls between a confidential witness and the wiretap target; had the confidential witness wear a body wire and make a controlled payment of $5,000.00 to the wiretap target; and analyzed the wiretap target's cell phone records.  The affirmation also explained that: consensual monitoring of the confidential witness's phone would be insufficient to further the investigation because the witness was viewed as a mere investor and would not be privy to conversations between the wiretap target and the third parties perpetrating the fraud; traditional surveillance was insufficient because the scheme was occurring online and over the phone; and grand jury subpoenas would only capture historical records and would not reveal ongoing fraud.  These representations were at least "minimally adequate to support the determination that was made."  *Concepcion*, 579 F.3d at 217.

---

[2]  We have previously found insufficient a wiretap application that did "not reveal what, if any, investigative techniques were attempted prior to the wiretap request . . . [and] merely asserted that 'no other investigative method exist[ed] to determine the identity' of individuals who might have been involved . . . ."  *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983).

3

Donna Levy challenges the sufficiency of the evidence supporting her convictions, under Rule 10b-5, for market manipulation. *See* 17 C.F.R. § 240.10b-5. "A defendant challenging the sufficiency of the evidence bears a heavy burden," *United States* v. *Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011); a jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (internal quotation marks omitted). In considering the sufficiency of the evidence supporting a guilty verdict, the evidence must be viewed in the light most favorable to the Government, *see United States v. Temple*, 447 F.3d 130, 136-37 (2d Cir. 2006), and sufficiency must be assessed with respect "to the totality of the government's case and not to each element, as each fact may gain color from others," *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999). "The gravamen of manipulation is deception of investors into believing that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators." *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir. 1999) (citing *Schreiber v. Burlington Northern, Inc.*, 472 U.S. 1, 12 (1985)).

Donna Levy contends that there was no evidence linking her to deceptive market transactions; instead, the stock price increases were solely the result of her promotional activities, which she characterizes as disseminating high volumes of truthful information to potential investors. Cooperating witness testimony at trial, however, established that Donna "would use people to prebuy stock before the promotion would go out." Trial Tr. at 598. The goal of the "prebuys" was to show a consistent pre-promotion pattern of buying so that potential investors who received her promotions "would check the activity and it would entice [them] to buy the stock." *Id.* at 599. These coordinated "prebuys" fall within the classic definition of market

4

manipulation—"artificially affecting market activity in order to mislead investors," *Santa Fe Indus. v. Green*, 430 U.S. 462, 476-77 (1977)—and Donna Levy has thus failed to meet her "heavy burden" of demonstrating insufficiency of evidence supporting her conviction. *See Kozeny*, 667 F.3d at 139.

Defendants also challenge the district court's jury instruction on reasonable doubt, which they acknowledge comes from Judge Sand's Modern Federal Jury Instructions. 1 Leonard B. Sand *et al.*, Modern Federal Jury Instructions, Instr. 57-20. "We review legal challenges to a district court's jury charge *de novo.*" *United States* v. *Shamsideen*, 511 F.3d 340, 345 (2d Cir. 2008). "Where[, as here,] an alleged charging error goes to the burden of proof, we will reverse a conviction if there is a reasonable likelihood that the jury understood the instructions to permit a guilty verdict based on less than proof beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "[N]ot every unhelpful, unwise, or even erroneous formulation of the concept of reasonable doubt in a jury charge renders the instruction constitutionally deficient." *Id.* (internal quotation marks omitted). We therefore review "the charge in its entirety to determine whether, on the whole, [it] provided the jury with an intelligible and accurate portrayal of the applicable law." *Id.* (internal quotation marks omitted).

Seizing on a single word in the district court's charge—"suspicion"—in contravention of our mandate to review the charge in its entirety, Defendants contend that the district court materially understated the prosecution's burden of proof. We have, however, previously approved of a charge based on Judge Sand's model instruction that also contained the word "suspicion." *See id.* at 348 (noting that a reasonable doubt instruction based on Judge Sand's model "clearly and accurately instructed the jury on the reasonable doubt standard in some

5

detail"). We reject Defendants' attempt to distinguish the district court's reasonable doubt charge here from that approved in *Shamsideen* on the ground that the district court's charge was not "ameliorated" by a proper instruction on the presumption of innocence. Defendants have thus failed to show that "there is a reasonable likelihood that the jury understood the instructions to permit a guilty verdict based on less than proof beyond a reasonable doubt." *Id.* at 345 (internal quotation marks omitted).

Defendants also challenge the district court's restitution orders. "[We] review an . . . order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Gushlak*, 728 F.3d 184, 190 (2d Cir. 2013) (quoting *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006)). "[T]he Mandatory Victims Restitution Act of 1996 ("MVRA") . . . provides . . . that a sentencing court 'shall order, in addition to . . . any other penalty authorized by law,' defendants convicted of specified crimes to 'make restitution to the victim of the offense.'" *Id.* at 190 (quoting 18 U.S.C. § 3663A(a)(1)). "[T]he MVRA requires only a reasonable approximation of losses supported by a sound methodology." *Id.* at 196. Defendants contend that the district court erred both in calculating the amount of restitution without the aid of expert testimony and in finding them liable for the total amount of investor losses. We have observed, however, that the entire amount of investor losses may be attributed to a defendant who "promoted worthless stock in worthless companies . . . ." *United States v. Rutkoske*, 506 F.3d 170, 180 n.4 (2d Cir. 2007) (quoting *United States v. Olis,* 429 F.3d 540, 546 (5th Cir. 2005)). Here, sufficient evidence presented at trial demonstrated that the stock of the companies affected by Defendants' fraudulent schemes was left effectively worthless. The amount of restitution ordered thus constitutes "a

reasonable approximation of losses supported by a sound methodology." *Gushlak*, 728 F.3d at 196.

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, for the reasons stated above and in the accompanying opinion, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk