23-6770 (L)
*United States v. Wagner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-five.

PRESENT:
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

MYRON WAGNER, AKA MY DOGG,

> *Defendant-Appellant.*

———————————————————————————

Nos. 23-6770 (L)
23-7228(Con)

FOR APPELLEE:
SHIVA H. LOGARAJAH, Assistant United States Attorney (Nicholas S.

Bradley, Stephanie Simon, Assistant United States Attorneys, Of Counsel, *on the brief*) *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:    LAWRENCE D. GERZOG, The Fast Law Firm, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments entered on July 7, 2023, and September 21, 2023, are **AFFIRMED**.

A jury convicted Defendant-Appellant Myron Wagner of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), after he discharged a firearm at his ex-girlfriend's car. As a result of his conviction, the district court also found that Wagner had violated a condition of his supervised release in another matter, *United States v. Wagner*, No. 7:20-cr-408 (S.D.N.Y.). That mandatory condition required him not to "commit another Federal, State, or local crime." 18 U.S.C. § 3583(d). The district court thus revoked his supervised release in that matter and sentenced him to additional imprisonment.

2

On appeal, Wagner challenges the sufficiency of the evidence both to convict him and to support a finding that he violated his prior supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision. For the reasons below, we affirm both judgments.

Wagner contends that the evidence was insufficient to show that he possessed the specific firearm identified in the indictment, a "loaded Rohm RG-10, .22 caliber pistol." Wagner Br. at 21.

We review the district court's determination as to the sufficiency of the evidence to convict without deference to the district court. *United States v. Laurent*, 33 F.4th 63, 75 (2d Cir. 2022). And "we view the evidence in the light most favorable to the government" and will uphold the conviction "if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*[1] We review a district court's finding of a violation of a condition of supervised release for abuse of discretion. *United States v. Peguero*, 34 F.4th 143, 152 (2d Cir. 2022).

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

To convict, the government must prove a defendant's guilt beyond a reasonable doubt. *United States v. Shamsideen*, 511 F.3d 340, 345 (2d Cir. 2008). To prove a violation of a condition of supervised release, the government must prove the violation "by a preponderance of the evidence." 18 U.S.C. § 3853(e)(3).

Under even the higher reasonable-doubt standard, there was sufficient evidence at trial that Wagner possessed the firearm specified in the indictment. Ashley Johnston, Wagner's ex-girlfriend, testified that Wagner shot a small, silver gun at her car; the description of that gun matches that of the Rohm revolver that was recovered shortly after the shots were fired. Two neighbors who lived adjacent to the location of the shooting and called 911 provided corroborating testimony that a man matching Wagner's description had shot a gun at a car. Officer Muscente and Officer Rivera, two officers on duty the day of the shooting who responded to the 911 call, provided testimony that established the timeline of events: Wagner left the police station after making a complaint about Johnston around 2:42 pm, the 911 call reporting the shooting came in around 2:47 pm, Wagner was seen on video cameras and by Officer Rivera walking towards a barbershop with his hands in his pants, Wagner was arrested at the barbershop

4

around 2:51 pm, and shortly thereafter the gun was recovered by police from a drawer in the barbershop.

Juan Gabriel Veloz, a barber at the shop who was acquainted with Wagner, provided testimony that, when taken in the light most favorable to the prosecution, establishes that Wagner had a gun, ran into the barbershop, entered the bathroom and reemerged, and threw the gun at Veloz, who either tossed it back and Wagner placed it in the drawer or Veloz placed it in the drawer himself. There was a short period of time between when Wagner's gun was placed in the drawer and when that gun was then recovered by Officer Rivera. Consistent with the indictment, the gun recovered was a Rohm .22 short caliber revolver, which contained one live round and one spent round.

This evidence is sufficient to establish beyond a reasonable doubt that Wagner had possession of the specific firearm described in the indictment. Although both Johnston and the neighbors testified that they heard multiple shots and only one spent casing was recovered from the revolver, Detective Holzman, a firearms expert, testified that Wagner would have needed less than a minute to remove the spent casings from the revolver. A jury could reasonably infer based on the timeline presented that Wagner removed the additional casings either in

the time between the shooting and when he entered the barbershop, or while he was in the barbershop bathroom. *United States v. Raniere*, 55 F.4th 354, 364 (2d Cir. 2022) (explaining that courts must "credit every inference that the jury might have drawn in favor of the government, because the task of choosing among competing, permissible inferences is for the jury, not for the reviewing court"). Finally, Wagner had burned gunpowder residue on his clothes, consistent with having fired a gun.

Wagner's challenges to the credibility of Johnston, the neighbors, and Veloz are unavailing, given that the Court must "defer to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Lewis*, 62 F.4th 733, 744 (2d Cir. 2023). Here, all four witnesses provided sufficiently reliable, corroborated testimony that a rational jury could have found them credible.

Wagner also challenges the lack of forensic evidence tying him to the recovered revolver, but the expert testimony provided reasonable explanations for the lack of fingerprints and DNA. And a government expert testified that Wagner's suggestion that the gunpowder residue was transferred from Officer

Muscente's hands during the arrest was unlikely.  In any event, "the Government's proof need not exclude every possible hypothesis of innocence."  *Id.* at 745.

* * *

For the above reasons, the district court's judgments are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
