12-3243-pr
Umali v. Heath

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**CORRECTED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

_____

ISAIAS UMALI,

> *Petitioner-Appellant*,

> v.                                                  No.12-3243-pr

PHILIP HEATH, Superintendent, Sing Sing Correctional Facility, ANDREW CUOMO, Attorney General for the State of New York,

> *Respondents-Appellees*.

_____

*For Petitioner-Appellant*:          ALAN S. LEWIS (Michael Shapiro, Karen E. Meara, and
                                                    Chloé D. Coravos, on the brief), Carter Ledyard &
                                                    Milburn, New York, NY.

*For Respondents-Appellees*:     MALANCHA CHANDA (Susan Axelrod, on the brief), *for* Cyrus R. Vance, Jr., District Attorney New York County, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Rakoff, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Isaias Umali appeals from a July 13, 2012 judgment of the United States District Court for the Southern District of New York (Rakoff, J.), denying Umali's petition for a writ of habeas corpus. In April 2003, Umali stabbed and killed a bouncer, Dana Blake, who was engaged in an altercation with one of Umali's friends. A year and a half later, Umali was convicted of first degree manslaughter in New York state court. The defense's theory at trial had been that Umali was justified in using deadly force against Blake because the bouncer was choking Umali's friend. Although the state trial court correctly informed the jury numerous times that the prosecution bore the burden to disprove Umali's justification defense, the court mistakenly implied on one occasion that the burden was on Umali to prove the "subjective prong" of the justification defense, *i.e.*, that Umali subjectively believed his actions were necessary to prevent the imminent use of deadly physical force against his friend.

Umali argued that this erroneous jury instruction effectively shifted the burden of proof to him and that, as a result, his conviction should be vacated. Both the New York Appellate Division and New York Court of Appeals disagreed. The New York Court of Appeals held that the trial court's instruction, read as a whole, could not have confused the jury about the proper burden of proof because "the jury was repeatedly reminded" about the correct allocation of the

2

burden. *People v. Umali*, 10 N.Y.3d 417, 427-28 (2008). In 2010, Umali filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that the New York Court of Appeals decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. We assume the parties' familiarity with the underlying facts and the issues on appeal.

Our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, we must defer to the state court's decision on the merits of a constitutional claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Umali first contends that the state court ruling was "contrary to" the Supreme Court's decision in *Francis v. Franklin*, 471 U.S. 307 (1985). A state court decision is "contrary to" federal law only in "rare cases," *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013), where the "state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), or "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," *id.* at 405. Although Umali's argument might have had merit on direct review, we cannot conclude that the New York Court of Appeals decision was "contrary to" Supreme Court precedent.

As an initial matter, the facts of this case and *Francis* are not "materially indistinguishable." *See id.* In other words, there are reasonable grounds on which a state court could distinguish *Francis*. The trial court in *Francis* gave only a single correct instruction on the relevant issue, which stood in direct conflict with a single erroneous one, so "[n]othing . . . in the charge as a whole ma[de] clear to the jury that one of these contradictory instructions carrie[d] more weight than the other." *Francis*, 471 U.S. at 322. Here, in contrast, the trial court informed

3

the jury of the correct burden of proof on the issue of justification many times. *See Umali*, 10 N.Y.3d at 427 ("The justification instruction itself included five specific references to the requirement that the People had to disprove justification beyond a reasonable doubt: two at the beginning of the justification charge; one in relation to the objective element; and two more at the end of the charge when the court combined the subjective and objective elements together with the People's burden of proof."); *id.* at 428 ("[W]hen the jury did request additional assistance on [another issue], the court gave a supplemental charge and reiterated that 'before a defendant, just to remind you, can be convicted of any crime, you realize that the People must disprove justification beyond a reasonable doubt.' This was the final instruction the jury heard before rendering its verdict."). In light of the record, the New York Court of Appeals was entitled to conclude, as it did, that "the instructions as a whole could not have misled the jury regarding the applicable burden of proof." *Id.* at 428.

We also cannot conclude based on existing precedent that the New York Court of Appeals's decision was "contrary to" the Supreme Court's decision in *Francis*. According to Umali, *Francis* mandates that when a trial court gives an erroneous instruction, it must specifically explain its mistake to the jury in a corrective instruction rather than simply offer an accurate instruction that conflicts with the erroneous one. In his view, therefore, the state court decision here was contrary to this rule because it ignored the fact that the trial court never explicitly cured its erroneous instruction by "directing the jury's attention to the [incorrect] charge" and "explain[ing] . . . what was wrong with" it. Pet'r-Appellant's Br. 42. However, it is not clear that *Francis* stands for a broad rule that an explicit curative instruction is *always* required in such circumstances. The *Francis* Court itself recognized that it needed to consider

4

"the potentially offending words . . . *in the context of the charge as a whole*." 471 U.S. at 315 (emphasis added). Review of the charge as a whole makes little sense as a rule if a specific curative instruction is always required. Moreover, in *Middleton v. McNeil*, 541 U.S. 433, 438 (2004) (per curiam), the Court did not overturn an erroneous jury instruction even though the trial court had not specifically explained its error because the court had given "three correct instructions and [only] one contrary one." *See also United States v. Shamsideen*, 511 F.3d 340, 347-48 (2d Cir. 2008).

Although Umali seeks to distinguish *Middleton* on the ground that the mistaken instruction there was merely ambiguous, rather than affirmatively incorrect, there is no clear Supreme Court precedent making such a distinction. While we might be receptive to such an interpretation on direct review, *see Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998), we cannot find that the state court's decision here was "contrary to" established federal law without more explicit guidance from the Supreme Court.

Umali also contends that the state court's decision was "contrary to" the Supreme Court's opinion in *Victor v. Nebraska*, 511 U.S. 1 (1994). The Court in *Victor* held that courts must look at a jury charge as a whole to determine "whether there is a *reasonable likelihood* that the jury understood the instructions." *Id.* at 6 (emphasis added). The New York Court of Appeals, however, stated that courts must determine if the instruction was "*likely* to confuse the jury as to the proper burden of proof." *Umali*, 10 N.Y.3d at 427 (emphasis added). Although these standards are not identical, we find that the state court applied the correct standard in practice because it ultimately concluded that the instructions "could not have misled the jury regarding the applicable burden of proof." *Id.* If the instructions *could not* have misled the jury, there was

certainly no reasonable likelihood that the jurors misunderstood them. We therefore find that the New York Court of Appeals decision was not "contrary to" clearly established federal law.

Nor can Umali demonstrate that the New York Court of Appeals decision was an "unreasonable application" of *Francis* and other Supreme Court precedents. 28 U.S.C. § 2254(d)(1). A petitioner can prevail on this ground only if "the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond *any* possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added). This standard is "difficult to meet" and was "meant to be." *Id.* at 786. Although Umali's proposed application of *Francis* in this context may have been reasonable, the state court's decision was not unreasonable.

As noted above, the trial court in *Francis* gave only one proper instruction on the relevant issue, whereas the trial court here correctly informed the jury early and often that Umali did not have to prove anything and that the State had the burden of proof, not just overall, but on the specific issue of justification as well. Under these circumstances, the New York Court of Appeals reasonably concluded that the jury could not have misunderstood the applicable law. While Umali is correct that the trial court never gave another instruction on the *subjective prong* of the justification defense in particular, it was not unreasonable for the state court to conclude that the subsequent instruction explaining that the State had the burden to prove that Umali "reasonably believed" deadly force was necessary "combined the subjective and objective elements" and further clarified the proper burden of proof. *See Umali*, 10 N.Y.3d at 426-27. We therefore defer to the state court's decision as required by AEDPA. Because we affirm the

district court's decision on the merits, we need not consider the State's alternative arguments that any error here was harmless or was not an error of federal constitutional magnitude.

We have considered all of Umali's contentions that are properly before us on this appeal, and have found them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK