**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4139**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN MANUEL FUENTES-MORALES,

Defendant - Appellant.

**No. 20-4219**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN MANUEL FUENTES-MORALES,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Orangeburg.  J. Michelle Childs, District Judge.  (5:14-cr-00556-JMC-1)

Submitted:  October 27, 2020               Decided:  November 13, 2020

Before GREGORY, Chief Judge, and KING and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Derek J. Enderlin, ROSS & ENDERLIN, PA, Greenville, South Carolina, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Peter M. McCoy, Jr., United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, Columbia, South Carolina, J.D. Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Juan Manuel Fuentes-Morales ("Fuentes") of conspiracy to kidnap, in violation of 18 U.S.C. §§ 2, 1201(a), (c); kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a)(1); hostage taking, in violation of 18 U.S.C. §§ 2, 1203; and making a materially false statement to a federal agent, in violation of 18 U.S.C. § 1001(a). The district court sentenced Fuentes to 500 months' imprisonment. On appeal, Fuentes contends that the district court erred in declining to instruct the jury on reasonable doubt, as well as granting the Government's motion in limine prohibiting him from arguing a definition, and in denying his pretrial motion to suppress the victim's identification of Fuentes. Finding no reversible error, we affirm.

As for Fuentes' first argument, he concedes that his argument is foreclosed by circuit precedent. "The law is well-settled in this Circuit that a judge is not allowed to define reasonable doubt unless requested to do so by the jury. Furthermore, a district court may restrict counsel from arguing definitions of reasonable doubt." *United States v. Patterson*, 150 F.3d 382, 389 (4th Cir. 1998) (citation omitted). "[O]ne panel [of this court] cannot overrule a decision issued by another panel." *United States v. Williams*, 808 F.3d 253, 261 (4th Cir. 2015) (internal quotation marks omitted). Although Fuentes has filed a motion for initial hearing en banc for us to reconsider this line of cases, we deny his motion. *See* Fed. R. App. P. 35.

Fuentes also briefly argues that the Government erred during its closing arguments in asking the jury to render a verdict that speaks the truth and to do its job, and that the district court erred in instructing that the jury's sole interest was to determine the truth.

3

Because Fuentes did not object in the district court to the Government's arguments or the court's instructions, we review for plain error. *See United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014). Thus, to succeed on his claim, Fuentes "must show (1) that the [district] court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* at 871 (internal quotation marks omitted). If Fuentes meets this burden, "we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We have previously concluded that a district court did not reversibly err in instructing a jury that its duty was to search for the truth when the language was included within the court's general duty to deliberate instructions and separate from the reasonable doubt instructions where it might imply that the standard of proof is less than reasonable doubt. *See United States v. Farkas*, 474 F. App'x 349, 358 (4th Cir. 2012) (No. 11-4714). Other circuits have also reached similar conclusions. *See, e.g.*, *United States v. Shamsideen*, 511 F.3d 340, 344-50 (2d Cir. 2008); *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1223 (5th Cir. 1994). Similarly, as for the Government's remark during closing arguments that the jury should render a verdict that speaks the truth, the First Circuit has found that such a remark "asking the jury to deliver an honest verdict is proper and it is inherently the prosecutor's position that this test entails conviction." *United States v. Jones*, 674 F.3d 88, 93 (1st Cir. 2012). While the Government should not have exhorted the jury to do its job, *see United States v. Young*, 470 U.S. 1, 18 (1985), we conclude that

4

Fuentes cannot show he was prejudiced by this isolated remark, *see United States v. Rand*, 835 F.3d 451, 465 (4th Cir. 2016). Therefore, we conclude that Fuentes cannot establish plain error. *See United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016) (noting that unpublished Fourth Circuit case contradicting appellant's argument "suggests that even if the district court erred, such error was not plain"); *United States v. Rouse*, 362 F.3d 256, 263 (4th Cir. 2004) (recognizing, in the absence of Supreme Court or Fourth Circuit authority, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain" (internal quotation marks omitted)).

Fuentes also argues that the district court erred in denying his pretrial motion to suppress. "When reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo," construing "the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal quotation marks omitted). Due process concerns arise "when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012). The defendant bears the burden of proof in challenging the admissibility of an out-of-court identification. *See United States v. Johnson*, 114 F.3d 435, 441 (4th Cir. 1997). "First, the defendant must show that the photo identification procedure was impermissibly suggestive." *United States v. Saunders*, 501 F.3d 384, 389 (4th Cir. 2007). If the procedure was improper, we must "consider[] whether the identification was nevertheless reliable in the context of all of the circumstances." *Id.* at 389-90. Factors to be considered in evaluating the reliability of the identification include: "the opportunity of the witness to view the criminal at the time of

5

the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Assuming that the identification procedure was unduly suggestive, we conclude that the victim's identification was reliable. The strongest factor weighing against the reliability of the victim's identification is that Fuentes was holding a weapon on one occasion when the victim saw him. *See United States v. Greene*, 704 F.3d 298, 308 (4th Cir. 2013) (relying on social science research and concluding a witness' "degree of attention to the robber at the time of the offense was greatly diminished due to her reasonable fear and the distraction of having a weapon pointed at her"). Additionally, the fact that the victim was blindfolded also weighs against finding the identification reliable. *See id.* (considering fact "that the witness's opportunity to view the perpetrator was limited" because the robber was in the bank for a short time and "was wearing a long wig and sunglasses").

However, we conclude that the other factors weigh in favor of reliability. Fuentes matched the victim's description of a Mexican male with black hair and a thin beard. Brostrom showed the victim the photographs the day of the rescue, less than a week after his initial capture. *See Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) (noting two-day gap between crime and line-up in finding identification was reliable). Although the victim was blindfolded the majority of the time, he stated that he could see under his blindfold and his overall description of his ordeal was detailed. *See United States v. Saint Louis*, 889

6

F.3d 145, 153-54 (4th Cir. 2018) (finding witness' ability to "recall specific details about her captivity, showing a high degree of attention during that time," supported reliability of identification). Furthermore, Brostrom testified that the victim was confident in his identification. *See id.* (noting witness "showed a high level of certainty when she picked [the] photo from the array"). Therefore, we conclude that the district court appropriately allowed the victim to identify Fuentes.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*